**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**


**CASE NO.: 15-CV-24626-MOORE/MCALILEY**


TALITHA MANNING, MICHAEL
PINCKNEY, and IGOR BEGHETTO,
individuals,

     Plaintiff(s),
vs.

MC KITCHEN, LLC. d/b/a MC Kitchen, a Florida
Corporation, DENA MARINO, an individual,
and BRANDY COLETTA, an individual,

     Defendant(s)
_____/


**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND DISMISSAL WITH PREJUDICE**


     **COME NOW** Plaintiffs TALITHA MANNING, MICHAEL PINCKNEY and IGOR

BEGHETTO and Defendants MC KITCHEN, LLC. d/b/a MC Kitchen, DENA MARINO and

BRANDY COLETTA (together, "Parties"), and file this Joint Motion for Approval of Settlement

Agreement and Dismissal with Prejudice, and respectfully state as follows:

1. On or about December 17, 2015 Plaintiffs filed this action alleging FLSA overtime

   violations, as well as other claims, against Defendants.

2. The Parties have resolved all their claims, including claims arising under the FLSA,

   through the Settlement Agreement.

3. The settlement of an FLSA claim requires the Court's approval. Lynn's Food Stores,

   Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982).

4. FLSA claims can be settled and released by employees through two ways. First, Section 216(c) of the FLSA allows employees to settle and waive their FLSA claims if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. 216(c); Lynn's Food Stores, Inc., 679 F.2d at 1353. Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims if the parties present the Court with a proposed settlement and the Court approves the fairness of the settlement. Id.

5. In detailing the circumstances justifying Court approval of an FLSA settlement in a litigation context, the Eleventh Circuit states:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

> Lynn's Food Stores, 679 F.2d at 1354.

6. A bona fide dispute exists between the Plaintiffs and Defendants in this case regarding the application of the FLSA. However, to avoid the risks and costs associated with further litigation, the Parties have agreed to resolve this dispute.

7. The settlement of the instant FLSA action involves a situation in which the Court may approve Plaintiffs' release of FLSA claims against Defendants. While the case was

pending, and during settlement negotiations, Plaintiffs and Defendants were represented by counsel experienced in FLSA cases.

8. The Parties reached a settlement via negotiations. All Parties were advised and represented by their respective attorneys throughout the litigation and settlement process. A number of offers and counteroffers were made throughout the process, beginning with Plaintiffs' demand letter prior to litigation. The settlement amounts for the Plaintiffs and their attorney were separately negotiated.

9. The Parties believe that their settlement is fair and reasonable in light of the nature of the disputed issues and the potential amount in controversy. The Parties agree that the settlement negotiated and reached by the Parties reflects a reasonable and fair compromise of the disputed issues.

10. Attached as Exhibit "A" is a copy of the Settlement Agreement.

## ATTORNEY'S FEES AND COSTS

11. In the paragraphs that follow, Plaintiffs' counsel outlines the work he performed on this matter since its inception.

12. This action began with Plaintiff Manning retaining the undersigned in October of 2015 (Plaintiff Pinckney retained the undersigned in October of 2015, Plaintiff Beghetto retained the undersigned in March of 2016). A thorough review of the facts of the case and relevant law, and research on the defendants and previous lawsuits was conducted.

13. Throughout this action, Plaintiffs' counsel performed all the attorney work on this case. The hours reported to the Court do not reflect any clerical time or the work of other attorneys.

3

14. This case presented multiple issues to research as far as Plaintiffs' claims and damage calculations; Plaintiffs' particular work histories with Defendants; and issues involving whether the employees who work both tipped and non-tipped positions, and received tips as non-tipped employees, qualify for the tip credit.

15. Plaintiffs' counsel drafted the Complaint seeking damages under Federal law. The Complaint was filed on December 17, 2015.

16. Pursuant to Court Order, Plaintiffs' counsel drafted and filed Plaintiff Manning and Pinckney's detailed Statement of Claim, including regular, overtime, liquidated damages, and tips allegedly owed [DE 7]. Although Plaintiff Beghetto had not appeared, his claims as a similar long-term employee mirrored that of Plaintiff Manning.

17. Plaintiffs' offer were discussed with Plaintiff, as well as reviewing statistical analysis, construction of spreadsheets, review of relevant settlement issues, and relevant case law regarding good faith, willfulness, and the right to tips for a tipped employee.

18. Plaintiffs' counsel reviewed with Plaintiffs voluminous discovery regarding Plaintiffs' long-term work history, including detailed time and pay records and company documents including employee policies and procedures.

19. The parties continued settlement negotiations and came to a general agreement as to the parameters of settlement, and the Settlement Agreement was then prepared and finalized.

20. Per the Court's Order [DE 20], Plaintiffs' counsel drafted a proposed Joint Motion for Settlement Approval, which was presented to defense counsel for review, comments, revision.

21. Plaintiffs' counsel reviewed the Settlement Agreement with Plaintiffs.

22. Plaintiffs' counsel's total hours to date are 18.1, and the costs are $485.00 for filing and service.

23. Although Plaintiffs retained counsel at a rate of $350.00 per hour, in order to facilitate settlement and resolve the uncertainty of litigation and pursuant to the negotiated settlement agreement, Plaintiff's counsel will receive fees and costs totaling $4,705.00, or approximately $233 per hour for hours to date.

**WHEREFORE**, the Parties request that the Court enter an Order:  (1) approving the terms of the Settlement Agreements; (2) dismissing this action with prejudice; and (3) retaining jurisdiction to enforce this Agreement.

Dated this 4th day of April, 2016.

**WHEREFORE**, the Parties request that the Court (i) review and approve the Settlement Agreement, and (ii) dismiss this action with Prejudice while retaining jurisdiction for sixty (60) days to enforce the terms of the Settlement Agreement.

Respectfully submitted on this 4th day of April, 2016.

By:/s/ **Brian Yosef**               By:/s/ **Robert W. Brock**
Brian Yosef, Esq.                       Robert W. Brock II, Esq.
Florida Bar No. 31179                 Florida Bar No. 75320
*ISRIEL PONZOLI & SIMPSON, P.A.*     *LAW OFFICE OF LOWELL J. KUVIN*
2121 SW 3rd Avenue, 7th Floor       17 East Flagler Street, Suite 223
Miami, Florida 33129                Miami, FL 33131
Telephone: (305) 577-4800          Telephone: (305) 358-6800
Facsimile:  (305) 577-4808           Facsimile:  (305) 358-6808
Email: byosef@ips-law.com         Email: Robert@kuvinlaw.com
*Attorney for the Defendants*        *Attorney for the Plaintiffs*

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **April 4, 2016**, I electronically filed the foregoing document via CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By:   **s/Robert W. Brock II**
Robert W. Brock II, Esq.

## MANNING, PINCKNEY & BEGHETTO v. MC KITCHEN, LLC, MARINO and COLETTA
### CASE NO.: 1:15-cv-24626-KMM

### Service List

**Brian Yosef, Esq.**
Florida Bar No. 31179
ISRIEL PONZOLI & SIMPSON, P.A.
2121 SW 3rd Avenue, 7th Floor
Miami, Florida 33129
Telephone: (305) 577-4800
Facsimile:  (305) 577-4808
Email: byosef@ips-law.com
*Attorney for the Defendants*

**Robert W. Brock II, Esq.**
Florida Bar No. 75320
LAW OFFICE OF LOWELL J. KUVIN
17 East Flagler Street, Suite 223
Miami, FL 33131
Telephone: (305) 358-6800
Facsimile:  (305) 358-6808
Email: Robert@kuvinlaw.com
*Attorney for the Plaintiffs*